Chen v. Holder

BIA
Mulligan, IJ
A098 997 257

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of March, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> > *Circuit Judges.*

_____

YANPING CHEN,
> *Petitioner,*

      v.                           11-3781
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:       Feng Li, Moslemi and Associates, New York, N.Y.

FOR RESPONDENT:       Stuart F. Delery, Acting Assistant Attorney General; Paul Fiorino, Senior Litigation Counsel; John M. McAdams, Jr., Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yanping Chen, a native and citizen of the People's Republic of China, seeks review of an August 30, 2011, decision of the BIA affirming the February 11, 2010, decision of Immigration Judge ("IJ") Thomas J. Mulligan denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Yanping Chen*, No. A098 997 257 (B.I.A. Aug. 30, 2011), aff'g No. A098 997 257 (Immig. Ct. N.Y. City Feb. 11, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications, governed by the REAL ID Act, such as is the case here, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on

2

an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his or his witness's statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Chen did not testify credibly. The IJ reasonably relied on inconsistencies in the record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. As the agency noted, Chen's testimony was internally inconsistent regarding when and why she obtained her notarial birth certificate and when she decided to leave China. When confronted with the inconsistency between the date of her passport and the date on which she obtained her notarial birth certificate, Chen ultimately stated that she could not remember why she obtained the notarial birth certificate. The agency was not required to credit that explanation as it was inconsistent with her testimony that she did not decide to leave China until 2005 and contradicted her prior explanation that she obtained the birth certificate in 2004 as instructed by the snakehead helping her leave China. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005)

3

(finding that an agency need not credit an applicant's explanations unless those explanations would compel a reasonable fact-finder to do so).

Further, in finding Chen not credible, the IJ reasonably relied in part on her demeanor, noting that Chen was frequently hesitant and tentative during her testimony. Because the IJ was in the best position to observe Chen's manner while testifying, we afford this demeanor finding particular deference. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73-74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007).

Given the inconsistencies in the record, and in light of our deference to the agency's findings regarding demeanor, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 167 (explaining that this Court "defer[s] to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling"). Accordingly, the agency did not err in denying Chen's application for asylum and withholding of removal, as those claims were based on the same factual predicate. *See*

4

*Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Chen has not challenged the denial of CAT relief.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk